Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| LAUREN ELISE ZELTZER T/C/C LAUREN FICANO<br><br>Peticionario<br><br>Vs.<br><br>ZACHARY MARLEN ZELTZER, T/C/C ZACHARY ZELTZER<br><br>Recurrido | KLCE202500010 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Sobre: Divorcio<br><br>Caso Núm.: BY2023RF02170 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de marzo de 2025.

Comparece ante nos, la *Sra. Lauren Elise Zeltzer t/c/c Lauren Ficano* (en adelante: "peticionaria") mediante el recurso *certiorari* epígrafe. Solicita la revisión de la *Orden* emitida y notificada el **4 de diciembre de 2024**, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante: "TPI"). En la cual, el aludido foro declaró *No Ha Lugar* la moción de reconsideración y otros extremos que sometió la peticionaria, y mantuvo el dictamen emitido en corte abierta.

Examinado el recurso, ***denegamos*** la expedición del *auto* de *certiorari* solicitado. **Veamos.**

**-I-**

De los *autos* ante nuestra consideración surge que, el matrimonio habido entre la peticionaria y el *Sr. Zachary Marlen Zeltzer t/c/c Zachary Zeltzer* (en adelante: "recurrido") fue disuelto

Número Identificador

RES2025_____

mediante *Sentencia* emitida el **2 de abril de 2024**.[1] Las partes procrearon a Z.M.Z, S.R.Z. y N.A.Z., quienes actualmente son menores de edad.

Así, el TPI citó a las partes para que comparecieran ante la *Examinadora de Pensiones Alimentaria* (en adelante: "EPA") el día **9 de enero de 2024**.[2]

Luego, la EPA señaló la vista de alimento para el **16 de mayo de 2024**.[3] Ante una estipulación provisional de las partes,[4] el **23 de mayo de 2024** el TPI estableció una **pensión provisional** de $45,000.00 mensuales.[5]

Durante el descubrimiento de prueba, el **22 de noviembre de 2024** el TPI celebró una *Vista de Moción,*[6] y en lo pertinente, expresó:

> *[r]efiere el caso a la Unidad Social para que le informen tres profesionales en el área de coparentalidad; dará las alternativas a las partes y éstas escogerán uno.*
> *Se conceden 10 días para culminar el descubrimiento de prueba y 10 días posteriores para que la parte demandante presente su Planilla de Información Personal y Económica (20 días en total).*
> <u>*Hace constar que la Vista ante la Examinadora de Pensiones Alimentarias se celebrara en la fecha señalada, 31de enero de 2025, sin excusas.*</u> […].[7]

Por su parte, el **2 de diciembre de 2024** la peticionaria presentó: *"MOCIÓN SOLICITANDO RECONSIDERACIÓN Y OTROS EXTREMOS"*.[8] Por lo cual, el **4 de diciembre de 2024** el TPI emitió y notificó una *Orden*, en la que determinó: *"No Ha Lugar; se mantiene el dictamen emitido en corte abierta"*.[9]

Inconforme, el **3 de enero de 2025** la peticionaria recurrió en *certiorari* ante nos y señaló la comisión de dos (2) errores:

---

[1] Notificada el 3 de abril de 2024.; Anejo III del *Certiorari*, págs. 28 – 29.
[2] Anejo VI del *Certiorari*, págs. 38 – 39.
[3] Apéndice 10 de la *"OPOSICIÓN A QUE SE EXPIDA AUTO DE CERTIORARI"*, a las págs. 16 – 19.
[4] Apéndice 17 de la *"OPOSICIÓN A QUE SE EXPIDA AUTO DE CERTIORARI"*, a la pág. 50.
[5] Anejo VII del *Certiorari*, págs. 40 – 41.
[6] Apéndice 47 de la *"OPOSICIÓN A QUE SE EXPIDA AUTO DE CERTIORARI"*, a las págs. 126 – 127.
[7] *Íd.*, a la pág. 127. *Énfasis en original.*
[8] Anejo II del *Certiorari*, págs. 22 – 27.
[9] Anejo I del *Certiorari*, pág. 21.

1. *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGAR LA CITACIÓN PARA DEPONER AL RECURRIDO Y A LAS CORPORACIONES MANEJADAS POR EL RECURRIDO* [.]

2. *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER EL SEÑALAMIENTO PARA VISTA FINAL DE PENSIÓN ALIMENTARIA SIN PERMITIR QUE LA PETICIONARIA CUENTE CON LA PRUEBA NECESARIA PARA PROBAR LOS INGRESOS DEL RECURRIDO* [.]

Además, ese mismo día **3 de enero de 2025**, la peticionaria presentó una *"MOCION EN SOLICITUD DE AUXILIO DE JURISDICCION"*, la cual, declaramos *No Ha Lugar*.

De su parte, el recurrido presentó la *"OPOSICIÓN A QUE SE EXPIDA AUTO DE CERTIORARI"* el **21 de enero de 2025**.

No obstante, el **30 de enero de 2025**, la peticionaria sometió (por segunda ocasión) una *"MOCION URGENTE EN SOLICITUD DE AUXILIO DE JURISDICCION"*, la cual, declaramos *No Ha Lugar*.

El **31 de enero de 2025**, se celebró mediante videoconferencia la vista de alimentos ante la EPA. Allí, las partes informaron, a través de sus respectivas representaciones legales, una estipulación en cuanto a la pensión alimentaria, la cual fue ratificada bajo juramento. En consecuencia, la EPA recomendó al TPI aprobar la misma y refirió el proyecto de Resolución para su consideración.[10]

Con el beneficio de la comparecencia de las partes, damos por sometido el asunto.

-II-

-A-

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[11] Así, se

---

[10] Véase, el Acta de la vista de alimentos, a la pág. 1 de la Entrada Núm. 243 de SUMAC, a la pág 1 de 1.

[11] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[12]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].[13]*

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[14]

Por lo cual, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con*

---

[12] *García v. Asociación*, 165 DPR 311, 321 (2005).
[13] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[14] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.

*prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[15]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[16]

**-III-**

En esencia, la peticionaria nos plantea que el TPI erró al negar la citación para deponer al recurrido y a las corporaciones manejadas por éste. Arguye que, al continuar el señalamiento de la vista final del 31 de enero de 2025 sobre pensión alimentaria, el foro recurrido no le permitiría contar con la prueba necesaria para probar los ingresos del recurrido.

Conforme a los hechos del caso y al derecho aplicable, la *Orden* recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de la manera que entiendan más adecuada. En particular, en este caso hay pendiente una recomendación de estipulación de pensión alimentaria enviada por la EPA para la consideración del TPI. Es por ello que, no encontramos fundamento para expedir el auto de *certiorari* solicitado.

Ante la falta de prueba tendente a demostrar que el foro recurrido abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Somos del criterio que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el presente recurso de *certiorari.*

---

[15] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[16] *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).

## -IV-

Por lo fundamentos antes expuestos, ***denegamos*** la expedición del *auto* de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones